UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BROADCAST MUSIC, INC.; HOT-CHA MUSIC CO.; UNICHAPPELL MUSIC INC.; PWMP ACQUISITION I LLC d/b/a PRIMARY WAVE BRIAN; SONY/ATV SONGS LLC; GIBB BROTHERS MUSIC; CROMPTON SONGS; WARNER-TAMERLANE PUBLISHING CORP.; and RICHARD HALL MUSIC, INC. d/b/a LITTLE IDIOT MUSIC, <br><br>  Plaintiffs, <br><br>  v. <br><br> PXI HOSPITALITY GROUP INC. d/b/a THE COVE RESTAURANT & OYSTER BAR; PHILIP IORDANOU; and GEORGE IORDANOU, <br><br>  Defendants. | Case No. 19-cv-4045 <br><br> COMPLAINT |

Plaintiffs, by their undersigned attorneys, for their Complaint against Defendants PXI Hospitality Group Inc. d/b/a The Cove Restaurant & Oyster Bar, Philip Iordanou, and George Iordanou (collectively, "Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 14 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Hot-Cha Music Co. is a partnership owned by Daryl Hall and John Oates. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Unichappell Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff PWMP Acquisition I LLC is a limited liability company doing business as Primary Wave Brian. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Gibb Brothers Music is a partnership owned by the Estate of Maurice Ernest Gibb and the Estate of Robin Gibb. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Crompton Songs is a sole proprietorship owned by Barry Alan Gibb. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff Richard Hall Music, Inc. is a corporation doing business as Little Idiot Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Defendant PXI Hospitality Group Inc. is a corporation organized and existing under the laws of the State of New York, which operates, maintains and controls an establishment known as The Cove Restaurant & Oyster Bar (the "Establishment"), located at 74 Shore Road, Glen Cove, New York 11542, in this district.

14. In connection with the operation of the Establishment, Defendant PXI Hospitality Group Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

15. Defendant PXI Hospitality Group Inc. has a direct financial interest in the Establishment.

16. Defendant Philip Iordanou is a principal of Defendant PXI Hospitality Group Inc. with responsibility for the operation and management of that corporation and the Establishment.

17. Defendant Philip Iordanou has the right and ability to supervise the activities of Defendant PXI Hospitality Group Inc. and a direct financial interest in that corporation and the Establishment.

18. Defendant George Iordanou is a principal of Defendant PXI Hospitality Group Inc. with responsibility for the operation and management of that corporation and the Establishment.

19. Defendant George Iordanou has the right and ability to supervise the activities of Defendant PXI Hospitality Group Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

20. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 19.

21. Since November 2016, BMI has reached out to Defendants over sixty-five (65) times, by phone, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

22. Plaintiffs allege four (4) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

23. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the four (4) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the

copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

24. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

25. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

26. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

27. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

28. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright

infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: July 12, 2019
New York, New York

**GIBBONS P.C.**

By: /s/ Mark S. Sidoti
Mark S. Sidoti
J. Brugh Lower
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Tel: 212-613-2000
Fax: 212-290-2018
msidoti@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | I Can't Go For That (No Can Do) |
| Line 3 | Writer(s) | Daryl Hall; John Oates; Sara Allen |
| Line 4 | Publisher Plaintiff(s) | Daryl Hall and John Oates, a partnership d/b/a Hot-Cha Music Co.; Unichappell Music Inc.; PWMP Acquisition I LLC d/b/a Primary Wave Brian |
| Line 5 | Date(s) of Registration | 9/17/81 |
| Line 6 | Registration No(s). | PA 115-197 |
| Line 7 | Date(s) of Infringement | 6/2/2018 |
| Line 8 | Place of Infringement | The Cove Restaurant & Oyster Bar |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | I Just Died In Your Arms a/k/a (I Just) Died In Your Arms |
| Line 3 | Writer(s) | Nicholas Eede a/k/a Nick Eede |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC |
| Line 5 | Date(s) of Registration | 1/22/87 |
| Line 6 | Registration No(s). | PA 318-562 |
| Line 7 | Date(s) of Infringement | 6/2/2018 |
| Line 8 | Place of Infringement | The Cove Restaurant & Oyster Bar |

| Line 1 | Claim No. | 3 |
|---|---|---|
| Line 2 | Musical Composition | More Than A Woman |
| Line 3 | Writer(s) | Barry Gibb; Maurice Gibb; Robin Gibb |
| Line 4 | Publisher Plaintiff(s) | Estate of Maurice Ernest Gibb and the Estate of Robin Gibb d/b/a Gibb Brothers Music; Barry Alan Gibb, an individual d/b/a Crompton Songs |
| Line 5 | Date(s) of Registration | 3/7/77   12/2/77   3/19/84   3/19/84 |
| Line 6 | Registration No(s). | Eu 761685  Ep 377416   PAu 618-255  PA 209-607 |
| Line 7 | Date(s) of Infringement | 06/02/2018 |
| Line 8 | Place of Infringement | The Cove Restaurant & Oyster Bar |

| Line 1 | Claim No. | 4 |
|---|---|---|
| Line 2 | Musical Composition | Natural Blues |
| Line 3 | Writer(s) | Richard Hall |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp.; Richard Hall Music, Inc. d/b/a Little Idiot Music |
| Line 5 | Date(s) of Registration | 9/7/00 |
| Line 6 | Registration No(s). | PA  997-753 |
| Line 7 | Date(s) of Infringement | 6/2/2018 |
| Line 8 | Place of Infringement | The Cove Restaurant & Oyster Bar |